USDC SCAN INDEX SHEET










```
LMH    12/3/04    11:13
3:03-CV-01927   MACOVIAK V. PROVIDENT LIFE
*72*
*O.*
```

04 DEC -2 PM 2:06



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MACOVIAK, M.D.,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY, et al.<br><br>　　　　　　　　　　　Defendants. | CASE NO. 03CV1927<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

## I. INTRODUCTION

Defendants move for a summary judgment arguing that Plaintiff cannot prove his breach of contract and breach of the duty of good faith and fair dealing claims because he suffered no economic loss. Plaintiff opposes the motion. For the reasons that follow, this Court grants the motion.

## II. FACTS

Defendant Provident Life and Accident Insurance Company ("Provident") issued a Disability Income Policy ("the Policy") to Plaintiff John Macoviak, M.D. ("Macoviak"). (Declaration of Joanne Goyette ("Goyette Decl."), Ex. 1). In the event of total disability, the Policy provides for disability income insurance benefits in the amount of $12,000 per month. (Goyette Decl., Ex. 1). The Policy states:

> Total disability or totally disabled means that due to injuries or sickness: (1) you are not able to perform the substantial and material duties of your occupation; and (2) you are receiving care by a physician which is appropriate for the condition causing the disability. We will waive this requirement when continued care would be of no benefit to you.

ENTERED ON 12-3-04

- 2 -

03CV1927 BEN (JFS)

(Goyette Decl., Ex. 1). Disability payments are made on a monthly accrual basis. The insured must submit proof of loss for any given month in which disability is claimed. (Goyette Decl., Ex. 1).

In February 2002, Macoviak submitted a claim to Provident, stating that he was unable to work as a cardiothoracic surgeon. (Goyette Decl., ¶ 4). Macoviak's treating physician, psychiatrist Thomas Flanagan, submitted an Attending Physician's Statement certifying disability since January 29, 2002 due to Bipolar Mood Disorder. (Goyette Decl., ¶ 4; Ex. 3). Following the 90-day period specified in the Policy, Provident started making disability benefit payments to Macoviak under reservation of rights. (Goyette Decl., ¶¶ 4, 5).

While paying the benefits, Provident investigated the claim and had Macoviak examined by clinical psychologist Lynette Rivers, Ph.D., psychiatrist Matthew Carroll, M.D. and psychiatrist Stephen Heidel, M.D. The medical examiners either opined that Plaintiff did not have a bipolar disorder, or reported that there are alternative courses of treatment to try to help his condition and the side effects of his current medications. Provident also found out that Macoviak was fired from his job prior to Dr. Flanagan's diagnosing him with a bipolar disorder.

In June 2003, Dr. Flanagan informed Provident that Plaintiff could return to his prior occupation by October 2003. (Goyette Decl., Ex. 3). In a letter dated August 29, 2003, Provident notified Macoviak that he did not meet the definition of total disability in the Policy and sent him a check for $36,000 to assist him in his return to work efforts. (Goyette Decl., Ex. 4). The letter also invited Plaintiff to submit any additional information to support his disability claim. (Goyette Decl., Ex. 4). Macoviak then filed an action for breach of contract and breach of the duty of good faith and fair dealing. (First Amended Complaint ("FAC")).

In another letter dated December 23, 2003, Provident informed Macoviak that it would reinstate his benefits under reservation of rights pending the resolution of this action. (Goyette Decl., ¶ 9; Ex. 5). Provident has continued to make the benefit payments to date. (Goyette Decl., ¶¶ 9-10).

### III. APPLICABLE LAW

Summary judgment is properly granted where the moving party establishes that "there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. Proc. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The entry of a summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322. Once the moving party has met its initial burden, the motion should be granted unless the opposing party can "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The evidence must be viewed in the light most favorable to the non-moving party. *See U.S. v. City of Tacoma*, 332 F.3d 574, 578 (2003). All inferences must be drawn in favor of the non-movant. See *Anderson*, 477 U.S. at 255.

## IV. DISCUSSION

### A. Plaintiff Fails to Establish Contract Damages

Macoviak's breach of contract claim fails as a matter of law because he cannot demonstrate the element of damages. The elements of a claim for breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Regan Roofing Co. v. Superior Court*, 24 Cal. App. 4th 425, 434 (1994) (internal citations omitted). "[A]bsent an actual withholding of benefits due, there is no breach of contract." *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, n. 10 (1990).

Provident did not withhold any benefits from Macoviak. Provident started paying the benefits immediately following the 90-day elimination period after the receipt of his claim. (Goyette Decl., ¶ 5). In June 2003, Dr. Flanagan informed Provident that Plaintiff could return to his prior occupation by October 2003. (Goyette Decl., Ex. 3). In a letter dated August 29, 2003, Provident notified Macoviak that he did not meet the definition of total disability in the Policy and sent him a check for $36,000 to assist him in his return to work efforts. (Goyette Decl., Ex. 4). The claim was thus paid through November 23, 2003. In another letter dated December 23, 2003, Provident informed

1   Macoviak that it would reinstate his benefits under reservation of rights pending the resolution of this
2   action. (Goyette Decl., ¶ 9; Ex. 5). The insurer enclosed a check for $12,000. (Goyette Decl., ¶ 9;
3   Ex. 5). Provident has paid the benefits monthly since. (Goyette Decl., ¶ 10). There has not been a
4   month for which Plaintiff did not receive his benefits. Macoviak does not dispute this. Because
5   Provident has never withheld benefits, Macoviak has not suffered any economic loss. *Love*, 221 Cal.
6   App. 3d n. 10.

7   Further, Macoviak cannot show contract damages by claiming a right to future benefit
8   payments under the Policy. "[T]he default only affects the rights of the parties as to benefits accrued.
9   "It ... does not work a breach as to future benefits, since, as to such, the liability of the defendant has
10  not become fixed, but remains contingent upon the condition of the plaintiff being such as to entitle
11  him to demand them." *Brix v. Peoples Mutual Life Ins. Co.*, 2 Cal. 2d 446 (1935) (internal citations
12  omitted). "Because the insurer's liability for future benefits is contingent upon the existence of total
13  disability at that time, its refusal, for any reasons, to pay benefits does not entitle the insured to treat
14  the entire contract as repudiated and ask for future benefits upon a theory of anticipatory breach."
15  *Erreca v. Western States Life Ins.*, 19 Cal. 2d 388, 403 (1942).

16  Provident notified Macoviak that he does not meet the definition of total disability in August
17  2003. (Goyette Decl., ¶ 7; Ex. 4). Provident enclosed a check for $36,000. (Goyette Decl., ¶ 7).
18  Plaintiff's benefits were thus paid through November 2003. Macoviak filed his action for breach of
19  contract in September 2003, two months before his benefits ran out. At that time, the only benefits
20  unpaid would have been the future benefits. Under the Policy benefits are paid on a monthly accrual
21  basis. The insured has to submit proof of loss every month. Because the future benefits were
22  contingent on Macoviak's proof of disability, he was not entitled to claim those as contract damages.
23  *Brix*, 2 Cal. 2d at 453; *Erreca*, 19 Cal. 2d at 403.

24  Finally, Macoviak has not sustained any damages due to Provident's reservation of rights.
25  "[An] insurer can defend the action under a reservation of rights, and while the action is pending, file
26  a declaratory relief action to obtain a declaration that no duty to defend or indemnify exists, which
27  would allow it to withdraw from the defense without subjecting the carrier to a claim of breach of
28  contract or bad faith." *Truck Ins. Exch. v. Superior Court*, 51 Cal. App. 4th 985, 994 (1996). "A

reservation of rights protects an insurer from potential liability for bad faith if it were to withhold payments, and it also provides the insured with the use of the payments until the determination is made. Thus, the use of a reservation of rights protects both parties." *Massachusetts Cas. v. Rossen*, 953 F. Supp. 311, 315 (C.D. Cal. 1996). Provident's making payments to Plaintiff under the reservation of rights does not entitle him to claim contract damages. *Truck*, 51 Cal. App. 4th at 994.

Because Macoviak cannot establish the element of damages, his breach of contract claim fails as a matter of law. *Regan*, 24 Cal. App. 4th at 434.[1]

### B. Plaintiff's Bad Faith Claim Fails Due To Lack of Economic Loss

Macoviak's Complaint alleges that Defendants breached their duty of good faith and fair dealing by "failure to pay policy benefits." (FAC, ¶ 27). Plaintiff's bad faith claim fails because he cannot establish the prerequisite existence of contract damages.

"The covenant of good faith and fair dealing is implied in law to assure that a contracting party 'refrain[s] from doing anything to injure the right of the other to receive the benefits of the agreement.' In essence, the covenant is implied as a *supplement* to the express contractual covenants..." *Love*, 221 Cal. App. 3d at 1152. The covenant may be breached "when benefits are due an insured ... because it frustrates the insured's *primary* right to receive the benefits of his contract... Absent that primary right, however, the *auxiliary* implied covenant has nothing upon which to act as a supplement, and should not be endowed with an existence independent of its contractual underpinnings." *Id.* (emphasis in the original). To show bad faith, Plaintiff must prove that (1) benefits due under the policy have been withheld; and (2) the reasons for withholding benefits was unreasonable or without proper cause. *Id.* at 1151.

Here, Provident has paid Macoviak's claim in full to date. (Goyette Decl., ¶ 10). Plaintiff has not demonstrated that Provident has withheld any payments from him. His primary right to receive the benefits of his contract has not been frustrated. *Love*, 221 Cal. App. 3d at 1151. Absent contract

---

[1] Although Plaintiff cannot demonstrate any economic loss, his rights to benefits under the Policy may be properly adjudicated by a declaratory judgment. This Court notes that there is already a declaratory relief claim raised in Defendants' Counterclaim.

1 damages, the auxiliary bad faith claim fails as a matter of law.[2] *Id.*

2   **C. Plaintiff's Emotional Distress Claim Fails Due To Lack of Economic Loss**

3   Plaintiff cannot recover emotional distress damages. "[D]amages for emotional distress are compensable as *incidental damages* flowing from the initial breach, not as a separate cause of action." *Gourley v. State Farm Mut. Auto. Ins. Co.*, 53 Cal.3d 121, 128 (1991) (emphasis in the original). Emotional distress damages can be recovered in a bad faith action "once the threshold requirement of economic loss is met." *Id.; see also Waters v. United Services Auto. Assn.*, 41 Cal. App. 4th 1063, 1070 (1996) ("[D]amages for emotional distress are recoverable only when the insured has suffered *some* financial loss.") (emphasis in the original).

  As discussed above, Plaintiff has failed to demonstrate contract damages. Because Macoviak has not met the economic loss requirement or shown breach of contract, he cannot assert a cause of action for emotional distress. *Id.*

  Plaintiff's argument that he suffered "substantial economic loss" because he "had to retain counsel to force the insurer to pay what they owed him under the policy" is unavailing. (Plaintiff's Opposition, 15:15-19). Attorney's fees are recoverable when they are proximately caused by the insurer's breach of the duty of good faith and fair dealing. *Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985). Because Plaintiff's bad faith claim fails, he cannot recover attorney's fees. *Id.* Because Plaintiff has not demonstrated economic loss, his emotional distress claim also fails as a matter of law.

///
///
///
///
///
///
///

---

[2] In an apparent attempt to provide evidence of Defendants' bad faith, Plaintiff cites extensively to a number of cases dealing with erroneous or arbitrary benefit denials by UnumProvident or its subsidiaries. Plaintiff was not a party to any of those actions and does not argue collateral estoppel. The cases have no factual connection to the present action and are irrelevant to the case before this Court.

## V. CONCLUSION

Because Plaintiff fails to establish contract damages, his claims of breach of contract, breach of the duty of good faith and fair dealing, and emotional distress fail as a matter of law. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATED: 12/01/04

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel